UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREATER NEW ORLEANS FAIR | * | CIVIL ACTION NO. 15-6406 |
| HOUSING ACTION CENTER, INC., | * | |
| SHAWN BATES and HOYT BAUGH | * | |
| | * | SECTION: "R"(1) |
| VERSUS | * | |
| | * | JUDGE SARAH S. VANCE |
| THE DORIAN APARTMENTS, LLC | * | |
| (D/B/A "DORIAN APARTMENTS"); | * | MAGISTRATE JUDGE |
| JOHN CENTANNI; JONI CENTANNI | * | JANIS VAN MEERVELD |
| GRAVOLET, KATHERINE DAIGLE; and | * | |
| XYZ INSURANCE COMPANY | * | |
| ************************************* | * | |

ORDER AND REASONS

Before the Court is The Dorian Apartments' Motion to Compel the United States Equal Employment Opportunity Commission (New Orleans Field Office) to Comply with Subpoena to Produce Documents. (Rec. Doc. 46).

Defendant The Dorian Apartments ("Dorian") issued a subpoena to the Equal Employment Opportunity Commission (New Orleans Field Office) ("EEOC") for the production of:

> Any documents or records, including electronic records, charge file records, and employer EEO reports regarding any charge filed by Shawn C. Bates.
> Any documents or records, including electronic records, charge file records, and employer EEO reports regarding any charge filed by Karen Thibodeaux.
> Any documents or records, including electronic records, charge file records, and employer EEO reports regarding any charge filed by Maureen Nelson.
> Any documents or records, including electronic records, charge file records, and employer EEO reports regarding any charge filed against Jazz Casino Company, L.L.C. in which Hoyt Baugh is the Investigator handling the charge.

(Rec. Doc. 46-5). The EEOC objected and refused to produce any documents. In opposition to the Motion to Compel, it argues that the requested material is shielded from production by the official information privilege because Title VII of the Civil Rights Act of 1964 and the Privacy Act

1

expressly declare that charges and information related to charges, including information contained in charge files, are confidential. (Rec. Doc. 49, at 5).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(a). A claim of privilege is a valid objection to a subpoena issued under Rule 45. In Branch v. Phillips Petroleum Co., the United States Fifth Circuit Court of Appeals held that the plaintiff's EEOC charges against employers other than the defendant to the lawsuit were privileged and not subject to disclosure by the EEOC in response to the defendant's subpoena. 638 F.2d 873, 880 (5th Cir. 1981). In so holding, the Fifth Circuit considered the defendant's argument that the materials "would be valuable to impeach [plaintiff's] credibility if it disclosed that he regularly files meritless charges against employers." Id. The Fifth Circuit found that this "possibility" was "insufficient" to overcome the congressional policy announced in Title VII that "charges shall not be made public by the commission." Id. at 879-80. The United States Supreme Court has explored the meaning of "public" as it is used in this provision of Title VII and determined that the public is anyone other than the parties to the agency proceeding. Equal Employment Opportunity Comm'n v. Associated Dry Goods Corp., 449 U.S. 590, 598, 603 (1981).

The Court notes that the Fifth Circuit in Branch explicitly reserved decision on whether the defendant could discover information about the plaintiff's other charges from the plaintiff himself. Id. at 880 n.5. Indeed, it appears that Title VII does not limit the claimant from disclosing information about the existence of a charge or other materials supplied by him or her to the EEOC.

Here, all four of the requests seek EEOC documents concerning at least one non-party to this litigation. As to Shawn Bates, Karen Thibodeaux and Maureen Nelson, this information is relevant for impeachment purposes in light of the revelation that plaintiff Hoyt Baugh is an EEOC

investigator who has, at least until recently, served as the investigator on plaintiff Shawn Bates' unrelated EEOC charge against his employer. In this lawsuit, Baugh and Bates may testify in support of each other's claims against Dorian. As a result of their roles in Bates' EEOC charge, their credibility may have been compromised. It appears that Dorian now seeks evidence to deduce whether proposed plaintiff witnesses Thibodeaux and Nelson also have claims being investigated by Baugh which would similarly call their credibility into question. Again, this is relevant.

Despite the relevance of the materials, the EEOC cannot be compelled to divulge the requested information if it is privileged. Categories 2, 3 and 4 would clearly result in disclosure of charges and related information to the public. Other than Bates' claim against his employer, there is no suggestion that Dorian or any other party to this case is the counter party to any EEOC proceeding by Thibodeaux or Nelson or against Jazz Casino Company, L.L.C. ("Harrah's"). Accordingly, the Court cannot compel the EEOC to produce the information requested in Categories 2, 3, and 4. This ruling does not prevent Dorian from seeking to obtain information about EEOC charges from the claimants themselves. Additionally, Thibodeaux and Nelson can be questioned regarding this matter before or at trial, under oath. Any admission that Baugh serves as investigator on their charges could be used to impeach them without need for documentation to back it up.

As to the materials requested in Category 1, while Bates is a party to this litigation, the employer(s) against whom he has filed EEOC charges are not. And the remaining parties to this litigation are not party to the EEOC proceedings. Thus, production of the requested materials would require disclosure of charges and related information to the public. The Court cannot compel the EEOC to do so. Bates has already admitted to filing an EEOC charge over which Baugh has served as investigator, so there is no need to compel him to do so. Furthermore, the fact of the

conflict was admitted by Bates under oath in his deposition. Defendants can utilize this fact to their best advantage without need for written proof of same from Bates' EEOC file.

The Court notes that it can require Bates to sign a Freedom of Information Act request for his EEOC charge file and require him to produce documents obtained. Defendant has not requested this relief. Moreover, it appears that doing so would be futile here because the EEOC will only produce such documents once the charge is closed.

Finally, with regards to Category 4, Defendants have failed to show why the request for any charges against Harrah's on which Baugh is the investigator is relevant to their defenses or Plaintiffs' claims. Thus, as to Category 4, the Motion to Compel is denied for this reason as well.

For the foregoing reasons, the Motion to Compel (Rec. Doc. 46) is DENIED.

New Orleans, Louisiana, this 26th day of January, 2017.

                                                                  Janis van Meerveld
                                                United States Magistrate Judge